UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ILMART CHRISTOPHE,

    Plaintiff,

v.                                                           Case No. 3:24cv112-LC-HTC

SGT DR SASSER,
et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

Plaintiff Ilmart Christophe, proceeding pro se and *in forma pauperis*, filed a civil suit under 42 U.S.C. § 1983 alleging excessive use of force by Sgt. Sasser and a John Doe Defendant at Santa Rosa Correctional Institution.[1]  Doc. 1.  This matter is now before the Court on Christophe's Motion for a Temporary Restraining Order.  Doc. 13.  For the reasons set forth herein, the motion should be DENIED.

**I.    DISCUSSION**

In the motion, Christophe claims that since he filed the lawsuit "inmates have been sent to torment and harass me by DOC officials calling him a 'snitch' and a 'rat' because of this lawsuit."  Doc. 13.  He explains these are "DOC officials who

---

[1] The Court issued a service order to the United States Marshal's Service on May 8, 2024, and is awaiting a return of summons.

are Defendant's friends/coworkers" that "do not like that I filed a lawsuit against their friend/coworker." Specifically, he claims "inmates have been giving me dirty trays that have mold and animal (bird or rat) feces on the trays", as "orchestrated by DOC officials." He also claims he has been denied showers since he filed the lawsuit and that he has been "threatened bodily harm by gang members if Plaintiff continue to pursue civil lawsuit." He claims he has filed grievances for 90 days but has not received any administrative remedy.

Requests for temporary injunctive relief are governed by Federal Rule of Civil Procedure 65. The chief function of a temporary restraining order ("TRO") and preliminary injunction "is to preserve the status quo" between the parties "until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). Thus, the injunctive relief sought must be closely related to the conduct at issue in the actual complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975); *State v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint"). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *In re Infant Formula Antitrust Litig., MDL 878 v.*

Case No. 3:24cv112-LC-HTC

*Abbott Lab'ys*, 72 F.3d 842, 842-43 (11th Cir. 1995) (denying motion for TRO against non-party for lack of subject matter jurisdiction).

Here, the allegations of retaliation involve other defendants and are different from the excessive force claim raised in the suit. Thus, granting any injunctive relief would not maintain the status quo. *See Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (finding motion not closely related where "the only connections between the underlying lawsuit and the motion for a preliminary injunction are that both involve the plaintiffs and the defendants, and that the plaintiffs believe the defendants are retaliating against them because of the underlying lawsuit . . . this connection to the complaint is insufficient") (citing *Devose*, 42 F.3d at 471; *Stewart v. U.S. Immigration and Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985))). Thus, to the extent Plaintiff wants to raise such claims, he must first exhaust his administrative remedies and, second, file a new action.[2]

Even if the retaliation claims were "closely related" to the excessive force claim, a court may grant temporary injunctive relief "only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;

---

[2] Under Federal Rule of Civil Procedure 20, claims against different defendants cannot be joined in one action unless they arise out of the same occurrences, transactions or series of transactions and involve questions of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2).

Case No. 3:24cv112-LC-HTC

and (4) if issued, the injunction would not be adverse to the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" on all four (4) prerequisites.  *United States v. Jefferson Cty.*, 720 F.2d 1511, 1519 (11th Cir. 1983).  Christophe, however, cannot meet those elements.

Christophe has not shown he will suffer an "irreparable injury" which is "neither remote nor speculative, but actual and imminent.'" *Siegel v. LePore*, 234 F.3d 1163, 1176–77 (11th Cir. 2000) (quoting *City of Jacksonville,* 896 F.2d at 1285 (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir.1989)); *accord, Chacon v. Granata,* 515 F.2d 922, 925 (5th Cir.1975) ("An injunction is appropriate only if the anticipated injury is imminent and irreparable.")).  His claims of harassment and denial of showers do not rise to the level of irreparable harm.  Also, his conclusory claims of threats of bodily harm are too remote and speculative to support immediate injunctive relief.

Finally, what Christophe seeks is an "obey the law" injunction, which is not proper.  *See, e.g.*, *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200 (11th Cir. 1999) (holding injunction that prohibited municipality from discriminating on the basis of race in its annexation decisions "would do no more than instruct the City to 'obey the law'" and therefore was invalid); *Melendez v. Presley*, No. 3:20CV356-

LC-HTC, 2020 WL 7212599, at *3 (N.D. Fla. Nov. 5, 2020), *report and recommendation adopted*, No. 3:20CV356-LC-HTC, 2020 WL 7205259 (N.D. Fla. Dec. 7, 2020) ("[A]n 'obey the law' injunction . . . is unenforceable in this Circuit.").

Accordingly, it is RECOMMENDED:

1. That Plaintiff's Motion for Temporary Restraining Order, Doc. 13, be DENIED.

2. The case be remanded to the undersigned for additional pretrial proceedings.

At Pensacola, Florida, this 17th day of May, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.