UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ILMART CHRISTOPHE,

    Plaintiff,

v.                                                          Case No. 3:24cv112-LC-HTC

SGT. DRAVEN SASSER,
OFFICER JOHN DOE,

    Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION[1]

Plaintiff Ilmart Christophe, a prisoner proceeding *pro se* and *in forma pauperis*, files this action seeking relief under 42 U.S.C. § 1983 against Defendants Sgt. Draven Sasser and Officer John Doe for spraying him with chemical agents and assaulting him. Doc. 1. Sasser has filed a motion to dismiss, Doc. 22, on several grounds, including failure to exhaust.[2] Upon consideration of Christopher's responses, Docs. 24, 27, the undersigned concludes the motion should be granted

---

[1] The undersigned issued a report and recommendation initially on August 2, 2024. Doc. 26. After the report and recommendation was docketed, the clerk received a second response to the motion to dismiss from Christophe. Doc. 27. This amended report and recommendation reflects the undersigned's consideration of that second response.

[2] Sasser also argues that Christophe's claim should be dismissed because: (1) Christophe failed to accurately disclose his prior litigation history; (2) Christophe failed to establish an Eighth Amendment violation; (3) Sasser is entitled to qualified immunity; (4) Sasser is entitled to Eleventh Amendment immunity; and (5) Christophe's request for punitive damages is barred by 18 U.S.C. § 3626. Because Christophe's excessive force claim is unexhausted, the Court need not address Sasser's other arguments.

and this case DISMISSED WITHOUT PREJUDICE for Christophe's failure to exhaust his administrative remedies prior to filing suit.

## I.     Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion of all available administrative remedies is a mandatory precondition to suit.  *See Booth v. Churner*, 532 U.S. 731, 739 (2001).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *See Booth*, 532 U.S. at 741 n.6.  Moreover, the PLRA requires "proper exhaustion" so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006).

An exhaustion defense under the PLRA is treated as a matter in abatement, which means procedurally the defense is treated like one for lack of jurisdiction, although it is not a jurisdictional matter. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (quotation marks and citations omitted).  "As a result, deciding a

motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Id.* "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing *Bryant v. Rich*, 530 F.3d 1368, 1373-74 (11th Cir. 2008)).

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant*, 530 F.3d at 1373-74, 1376). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083. "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id*. at 1082 (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

The grievance procedures promulgated by the Florida Department of Corrections ("FDOC") contain three steps.³ First, the inmate must file an informal grievance with a designated prison staff member. Second, the inmate must file a

---

³ FDOC regulations include exceptions to this 3-step process for certain situations, none of which apply here. *See* Fla. Admin. Code r. 33-103.005 to 33-103.007.

Case No. 3:24cv112-LC-HTC

formal grievance with the warden's office. Third, the inmate must submit an appeal to the Office of the Secretary. *See* Fla. Admin. Code r. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

## II.    Discussion

Sasser argues Christophe failed to exhaust his administrative remedies because he filed only an informal grievance regarding the November 2023 incident, dated March 6, 2024, which was returned without action. In support of the motion, Sasser relies on the Declaration of Officer C. Davis-Cotton, an Informal Grievance Coordinator for the FDOC, Doc. 22 at 38-40, the Declaration of Phyllis Rodriguez, a Formal Grievance Coordinator for the FDOC, Doc. 22 at 47-48, and FDOC grievance records, Doc. 22 at 41-45, 49-51.

The undersigned has reviewed the Declarations and records and agrees Christophe has failed to exhaust his administrative remedies. As argued by Sasser, Christophe submitted only one informal grievance related to the November 2023 incident. That grievance, submitted to prison officials on March 6, 2024, was returned without action as untimely. Doc. 22 at 42; *see* Fla. Admin. Code r. 33-103.011(1)(a) (stating informal grievances "[m]ust be received within 20 days of when the incident or action being grieved occurred"). A grievance returned without action does not satisfy the PLRA's exhaustion requirement. *See, e.g., Johnson v. Meadows,* 418 F.3d 1152, 1157 (11th Cir. 2005) ("We agree with those circuits that

have concluded that an untimely grievance does not satisfy the exhaustion requirement of the PLRA."); *Pavao v. Sims*, 679 F. App'x 819, 825 (11th Cir. 2017) (noting grievances returned without action for non-compliance with procedural rules are not sufficient to exhaust). Because the FDOC reasonably found the grievance to be untimely, this Court must do so as well.[4] *See Mraz v. Pagan-Delgado*, 2018 WL 4326864, at *3 (N.D. Fla. Aug. 29, 2018), *report and recommendation adopted*, 2018 WL 4326818 (N.D. Fla. Sept. 10, 2018) ("Here, the Secretary's Office enforced that bar, and so must this Court."). Also, Christophe did not seek review of the grievance response by filing a request for administrative review or appeal, as he could have done under Fla. Admin. Code r. 33-103.006.

Moreover, although Christophe stated in the March 2024 informal grievance (and argues in his second response) that he originally filed a grievance in December 2023 regarding the alleged excessive force and never received a response, Doc. 22 at 42; Doc. 27, the FDOC has no record of the December 2023 grievance, and Christophe has presented no evidence to the Court that he filed an earlier informal grievance. *See* Doc. 22 at 39 (declaration of Officer Davis-Cotton stating that Christophe did not file any informal or formal grievances regarding the incident with

---

[4] Christophe could have also moved for an extension of time to file the grievance, but there is no evidence he did so. *See* Fla. Admin. Code r. 33-103.011(2) (authorizing the reviewing authority or Secretary to grant an extension of time upon a showing that it was not feasible to file the grievance within the relevant period and that the inmate made a good faith effort to file in a timely manner).

Case No. 3:24cv112-LC-HTC

Sasser before March 6, 2024). Regardless, under the FDOC's grievance procedures, if a grievance is not answered, the inmate must still proceed to the next step in the grievance process after the time for the institution to respond to the informal grievance expires. *See* Fla. Admin. Code r. 33-103.011(4). There is no evidence Christophe took that second step.

Thus, under the first step of the *Turner* analysis, the undersigned finds that Christophe has not exhausted his excessive force claim. Also, because Christophe's responses, Docs. 24 & 27, do not raise any disputes of fact for the Court to resolve, there is no need for the Court to proceed to the second step of *Turner*.

Accordingly, it is RECOMMENDED:

1.   That Defendant Draven Sasser's motion to dismiss, Doc. 22, be GRANTED, and this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust his administrative remedies.

2.   That the clerk close the file and terminate all pending motions.[5]

At Pensacola, Florida, this 6th day of August, 2024.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Because Christophe failed to exhaust his administrative remedies, the claim against the unserved Doe Defendant should also be dismissed. *See Escobar v. Crosby*, 363 F. Supp. 2d 1361, 1366 (S.D. Fla. 2005) (noting dismissal of prisoner's claims against unserved defendants was appropriate based on both the prisoner's failure to effect timely service under Federal Rule of Civil Procedure 4(m) and his failure to exhaust administrative remedies).

Case No. 3:24cv112-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv112-LC-HTC